# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00142-MR
# [CRIMINAL CASE NO. 1:06-cr-00268-MR-1]

| | |
|---|---|
| RICHARD ERIC BURGOS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Motion for Immediate Release [Doc. 1] and the Government's Response in Support [Doc. 3].

Petitioner pleaded guilty to possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Petitioner was found to be an armed career criminal and sentenced accordingly pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

Petitioner now seeks relief from his 168-month sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as an armed career criminal because he does not have three prior convictions for violent felonies within the meaning of the ACCA. Petitioner relies on the Supreme

Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  In its response, the Government concedes that, in light of Johnson, Petitioner no longer qualifies as an armed career criminal because he no longer has three predicate convictions.  Thus, Petitioner's sentence exceeds the 120-month maximum term of imprisonment that applies to Petitioner's 18 U.S.C. § 922(g)(1) conviction without the ACCA enhancement.  [Doc. 3].

For the reasons stated in the Government's Response, the Court will grant Petitioner's motion to vacate and resentence the Petitioner to a term of 120 months' imprisonment.[1]

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate [Doc. 1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petitioner's sentence of 168 months' imprisonment is hereby **VACATED**, and the Petitioner is hereby resentenced to a term of 120 months' imprisonment with a subsequent term of supervised release of three (3) years.  All other remaining provisions of the Petitioner's Judgment [Criminal Case No. 1:06-cr-00268-MR-1, Doc. 32] shall remain in full force and effect.

---

[1] The Petitioner attaches to his Motion a statement from the probation office indicating that Petitioner has BOP credit for having served 139 months. The record, however, is not clear as to whether Petitioner has served the full period as imposed herein.  The calculation of Petitioner's sentence is for BOP to determine.

The Clerk of Court is directed to certify copies of this Order to counsel for the Government, counsel for the Petitioner, the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office. The Clerk of Court is further directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 24, 2016

Martin Reidinger
United States District Judge