# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00268-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RICHARD ERIC BURGOS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release [Doc. 53]. The Defendant is represented by the Federal Public Defender of Western North Carolina.

On March 5, 2007, the Defendant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). While that offense generally carries a maximum term of ten years' imprisonment, see 18 U.S.C. §§ 922(g), 924(a)(2), the Armed Career Criminal Act ("ACCA") mandates a 15-year mandatory minimum sentence and a maximum sentence of life for a felon who has "three previous convictions . . . for a violent felony or for a serious drug offense." 18 U.S.C. § 924(e)(1). The

sentencing court[1] found the Defendant to be an armed career criminal under the ACCA and sentenced him to a term of 168 months' imprisonment, to be followed by a term of three years of supervised release.  [Doc. 32].

On June 27, 2016, this Court granted the Defendant's motion to vacate under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and imposed an amended sentence of 120 months.  On June 29, 2016, the Defendant was released from the Bureau of Prisons and began serving his term of supervised release.

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release.  For grounds, counsel states that the Defendant has successfully transitioned into the community and has maintained gainful employment.  Counsel states that the Defendant's supervising probation officer reports that the Defendant has been fully compliant with all terms of his supervised release.  Counsel further advises that the supervising probation officer supports the immediate termination of supervision. [Doc. 53].

---

[1] The Defendant was sentenced by the Honorable Lacy H. Thornburg, United States District Judge.  Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

The Government opposes early termination, citing the Defendant's violent and recidivist criminal history.  Specifically, the Government notes that the Defendant was determined to be an armed career criminal based on his prior convictions for: inciting a riot, which resulted in serious bodily injury and more than $15,000 worth of property damage; attempted child abuse for assaulting his two-month-old son, including breaking his femur and ribs; felonious restraint, including striking a woman and restraining a child under the age of 16 without parental consent; and felony assault of a law enforcement officer, for tackling and biting a Buncombe County Sheriff's Officer who was assisting inmates with lunch.   [Doc. 54 at 1].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted at this time.  The Defendant has served a little over half of a 36-month term.  While his conduct while on supervision has been commendable, the Court must consider the Defendant's record of conduct as a whole.  Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 53] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on counsel for the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: March 19, 2018

Martin Reidinger
United States District Judge